## Troy *v.* The Philadelphia & Reading Coal & Iron Co., Appellant.

*Workmen's compensation—Permanent partial disability—Evidence.*
An award under the Workmen's Compensation Act for permanent partial disability will be sustained where the finding of the compensation board and the court below is fully sustained by medical testimony.

Argued December 5, 1927.    Appeal No. 228, October T., 1927, by defendant from judgment of C. P., Schuylkill County, March T., 1927, No. 566, in the case of Clement Troy v. The Philadelphia & Reading Coal & Iron Company.    Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.    Affirmed.

Appeal from an award of the Compensation Board. Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the award. Defendant appealed.

*Error assigned,* among others, was the order of the court.

*George Ellis,* and with him *Jno. F. Whalen,* for appellant.

*Roger J. Dever,* for appellee.

PER CURIAM, March 2, 1928:.

This appeal is from a compensation award. Claimant, in course of his employment, April 5, 1924, sus-

tained a dislocation of the right shoulder and received a cut on the back of his head. Under a compensation agreement he received payments until June 2, 1925. June 24, 1925, claimant filed a :petition of review alleging permanent partial disability resulting from the injury to his right arm. Before hearing, that petition was withdrawn and a supplementary agreement was made providing compensation for partial disability at $11.38 per week.

December 5, 1925, another petition was filed again alleging permanent partial disability. The referee heard medical and other testimony, and found as a fact that the permanent partial disability existed, and directed that compensation at the rate of $11.38 per week be continued.

April 23, 1926, appellant filed its petition with the Board asking that the compensation agreement be terminated on the ground that claimant was working and had been so engaged since March 1, 1926, as a contract miner, and that he had not lost the use of his arm, and was not partially disabled after April 7, 1926. An answer was filed joining issue. Section 306B of the Workmen's Compensation Law provides that compensation for disability partial in character shall be paid at a specified rate of the difference between the wages of the injured employee and his earning power thereafter, not, however, exceeding a given maximum. The medical evidence is definite and positive that claimant sustained a permanent partial disability in his injured arm. The record does not clearly show what claimant's wages were before his injury. We are, however, not prepared to differ from the referee, and the board, and the court below, in the conclusion that the permanent partial disability clearly appears; this disposes of the only points raised in the statement of questions involved.

Judgment affirmed.